The Honorable Benny Petrus State Representative 2209 Shady Grove Road Stuttgart, AR 72160
Dear Representative Petrus:
I am writing in response to your request for an opinion on behalf of a constituent about the application of Act 1599 of 2001. You have attached a letter from a constituent asking whether a conflict of interest exists where the spouse of a school teacher submits a bid to the "Board of Education." Your constituent states his belief that no conflict exists because "the teacher neither requested nor is deciding on it." Your constituent also states that "[n]o member of the board has ties to this business." I will paraphrase your question as whether Act 1599 of 2001 would bar the spouse of a school teacher from submitting a bid to the Board of Education.
RESPONSE
In my opinion, it is a question of fact whether Act 1599 of 2001 or the applicable Department of Education regulations would prohibit the spouse of a school teacher from submitting a bid to the Board of Education in the situation you have described. I am not empowered as a fact finder in issuance of Attorney General Opinions. In any event, jurisdiction to review alleged violations of the Act is invested with the Department of Education, not this office. See A.C.A. § 6-24-114 (Supp. 2003).
Act 1599 of 2001, An Act to Set Forth Ethical Guidelines and Prohibitions for Educational Administrators, Employees, and Board Members, was codified at Arkansas Code Annotated §§ 6-24-101 through -120 (Supp. 2003). This subchapter regulates the ethical conduct of school board members, administrators, and employees with regard to certain contracts and transactions of "public educational entit[ies]." I begin by reciting the pertinent definitions under the Act:
 (7) "Directly" or "directly interested" means receiving compensation or other benefits personally or to a business or other entity in which the individual has a financial interest;
* * *
 (10) "Employee" means a full-time employee or part-time employee of a public educational entity;
(11) "Family" or "family members" means:
(A) An individual's spouse;
* * *
(12) (A) "Financial interest" in a business or other entity means:
(i) Ownership of more than a five percent (5%) interest;
 (ii) Holding a position as an officer, director, trustee, partner, or other top level management; or
 (iii) Being an employee, agent, independent contractor, or other arrangement where the individual's compensation is based in whole or in part on transactions with the public educational entity.
* * *
 (14) "Indirectly" or "indirectly interested" means receiving compensation or other benefits personally, for a family member, or for a business or other entity in which the individual or a family member has a financial interest[.]
A.C.A. § 6-24-102 (Supp. 2003). The Arkansas Department of Education has promulgated rules for further interpretation of A.C.A. §§ 6-24-101 through -120. Arkansas Department of Education Rules and Regulations Governing Ethical Guidelines and Prohibitions for Educational Administrators, Employees, Board Members and other Parties ("ADE Reg.") §§ 1.00 through 19.03. The definitions found in ADE Reg. § 3.00 are substantially similar to the statutory definitions.
The act sets out different requirements for school board members, administrators, and employees. Assuming that the teacher in this situation is not also an administrator, the following prohibitions apply:
 (a) No . . . employee shall knowingly use or attempt to use his or her official position to secure unwarranted privileges or exemptions for himself or others.
A.C.A. § 6-24-104(a) (Supp. 2003).
 (a) GENERAL PROVISION. Except as otherwise provided, it is a breach of the ethical standards of this chapter for an employee to contract with the public educational entity employing him or her if the employee has knowledge that he or she is directly interested in the contract.
A.C.A. § 6-24-107 (a) (Supp. 2003) (emphasis added).
 Employees are prohibited from contracting with the public educational entity which employs them except as allowed for by Act 1599 of 2001 and these rules and regulations.
ADE Reg. § 12.01 (emphasis added).
When interpreting statutes, a court will first look at the plain and ordinary language of the statute in question. Jones v. Double "D"Properties, 352 Ark. 39, 46, 98 S.W.3d 405 (2003).
There is a question of fact that I cannot resolve with regard to A.C.A. § 6-24-104(a), the first provision listed above. If the teacher used his or her official position to secure award of the bid to his or her spouse, there would be a violation of this provision. Although you have noted that the teacher "neither requested the bid nor is deciding on it," there is not enough information in your request and your constituent's letter to sufficiently answer this question. This office is neither equipped nor authorized to act as a finder of fact.
Turning to the other provisions listed above, under the plain language of both A.C.A. § 6-24-107(a) and ADE Reg. § 12.01, a contract is improper only if an employee of the public educational entity directly benefits. As defined in A.C.A. § 6-24-102(7) set out earlier, and ADE Reg. § 3.10, which uses identical language, the employee must receive the benefits of the contract personally to be directly interested in a contract.[1] A "direct benefit" means receiving compensation or other benefits personally or to a business or other entity in which the individual has a "financial interest." A.C.A. § 6-24-102(7). The definition of "financial interest" set out above requires ownership of more than a five percent interest in the business, holding a position as officer, director, trustee, partner, or other top level management, or being a certain kind of employee or agent or independent contractor. I cannot determine from the information provided whether the teacher in question would "directly benefit" from the contract. This will be a question of fact to be resolved in light of the surrounding circumstances.
I will note in this regard that jurisdiction to review alleged violations of Act 1599 has been placed with the Department of Education, and not this office. See A.C.A. § 6-24-114. I suggest, therefore, that your constituent contact that Department for any required review.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MB:JMD/cyh
[1] This is in direct contrast to the provisions for administrators and board members which specifies that it would be a breach of the ethical standards for the administrators and board members to contract when had knowledge that they were "directly or indirectly interested in the contract." See A.C.A. § 6-24-105(a) (Supp. 2003) (Board members); and
A.C.A. § 6-24-106(a)(1) (Supp. 2003) (Administrators). ADE Regulation § 10.01 prohibits contracts between the family members of board members and public educational entities "except as allowed by Act 1599 of 2001 and these rules and regulations." ADE Reg. § 10.01. Furthermore, the statutes pertaining to employees specify only that the employee is prohibited from contracting with a public educational facility. In contrast, ADE Reg. § 11.03 prohibits contracts between Administrators' spouses and public educational entities "except as allowed for by Act 1599 of 2001 and these rules and regulations."